UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

ROBERT RODRIGUEZ

Defendant.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 2 8 2010 ★

BROOKLYN OFFICE

08-CR-332

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). [

1

On October 3, 2008, Robert Rodriguez plead guilty to a one-count superseding indictment which charged that between July 26, 2005 and February 26, 2008, the defendant conspired with others to defraud, and obtain money and property by means of materially false and fraudulent pretenses, and for the purpose of executing such scheme and artifice, transmitted by means of wire communications in interstate commerce, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1343.

Rodriguez was sentenced on April 1, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 19 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of 33 to 41 months. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1. The underlying indictment was dismissed by the court.

Rodriguez was sentenced to 6 months' incarceration and 3 years' supervised release. A $100 special assessment was imposed. Restitution was ordered in the amount of $5,166,900 was entered against the defendant, apportioned consistent with paragraph 12 of the Presentence Investigation Report. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. Restitution is to be paid by the defendant beginning one month after he is released from prison at the rate of $50 per month, payable to the Clerk of Court.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant is a young man with a good work record and loving family. He is unsophisticated and played a relatively mechanical administrative role in the conspiracy. A sentence of 6 months' imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in bank fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his demonstrated remorse, efforts at rehabilitation, and family responsibilities.

Jack B. Weinstein
Senior United States District Judge

Dated: May 28, 2010
Brooklyn, New York